UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 20-cv-738

| | |
|---|---|
| Thomas Wadding<br><br>Plaintiff,<br>v.<br><br>Travelers Casualty and Surety Company of America,<br>Credit Service International Corporation,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Credit Service International Corporation's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff whom is insured by Travelers Casualty and Surety Company.

3. Venue is proper in this District because the acts and transactions occurred here and Credit Service International Corporation transacts business here.

## PARTIES

4. Plaintiff, Thomas Wadding, is a natural person who resides in the State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Upon information and belief, Travelers Casualty and Surety Company of America (hereinafter "Defendant Travelers"), is an insurance company with a registered agent located

at Corporation Service Company 8040 Excelsior Dr Ste 400 Madison, WI 53717 (See Exhibit 1 attached hereto and made a part hereof.) which has a bond in effect on behalf of Credit Service International Corporation.

6. Upon information and belief, Defendant Credit Service International Corporation (hereinafter "Defendant CSI"), is a collection agency operating from an address of 312 2nd Street Suite 6, Hudson, WI 54016-1581, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). (See Exhibit 2 attached hereto and made a part hereof.)

## FACTUAL ALLEGATIONS

7. Before June 28, 2019, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a "debt" to it.

8. The debt owed by Plaintiff eventually went into default.

9. After the debt went into default the debt was sold and/or otherwise transferred to Defendant CSI for collection.

10. The Plaintiff retained Matthew C. Lein for legal representation regarding the Plaintiff's debts.

11. Prior to June 28, 2019, Defendant CSI had reported to Experian[1] credit reporting agency that the Plaintiff owed a debt to it.

12. On June 28, 2019, Plaintiff, through Plaintiff's attorney, disputed[2] the debt directly with the

---

[1] The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

[2] Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 347 (7th Cir. 2018)

Defendant CSI and further requested all communications cease with respect to the consumers. This facsimile transmission to Defendant CSI was successfully received by Defendant CSI. (See Exhibit 3 attached hereto and made a part hereof.)

13. Plaintiff still disputes the debt that Defendant CSI is attempting to collect.

14. On September 9, 2019, the Plaintiff obtained and reviewed a copy of Plaintiff's Experian credit report. (See Exhibit 4 attached hereto and made a part hereof.)

15. On September 9, 2019, Defendant CSI continued to report the Plaintiff's debt to Experian without indicating that the debt was disputed. (See Exhibit 4 attached hereto and made a part hereof.)

16. The Experian credit report dated September 9, 2019 indicates that it was last reported or verified August 13, 2019. (See Exhibit 4 attached hereto and made a part hereof.)

17. The Experian credit report dated September 9, 2019, failed[3] to indicate that the debt was disputed by the consumer. (See Exhibit 4 attached hereto and made a part hereof.)

18. Defendant CSI's violation of the FDCPA is material because Defendant CSI's failure to update Plaintiff's credit report would make an unsophisticated consumer believe that the consumer did not have the rights Congress had granted to the consumer under the FDCPA. This alleged violation of the FDCPA is sufficient to show an injury-in-fact[4].

19. Defendant CSI's violation of the FDCPA is a material violation of the statute. Indeed, as the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the

---

[3] By failing to communicate that the debt at issue was disputed, Defendant violated the FDCPA. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 347 (7th Cir. 2018)

[4] Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 346 (7th Cir. 2018) (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").

debtor, as this information will be used to determine the debtor's credit score"[5].

20. Defendant CSI's collection communications are to be interpreted under the "unsophisticated consumer" standard[6].

21. Defendant CSI's collector(s) were employee(s) and/or representative(s) of Defendant CSI at all times mentioned herein.

22. Defendant CSI acted at all times mentioned herein through its employee(s) and/or representative(s).

23. From the facts above, Plaintiff asserts Defendant CSI's collective actions were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e(8)[7], 1692d[8], 1692 f[9] and 1692e[10] amongst others.

24. Defendant Travelers insured the actions of Defendant CSI per the terms of the attached bond. (See Exhibit 5 attached hereto and made a part hereof.)

25. In pertinent part, Exhibit 5 states that "If the Principal shall violate Minnesota Statutes, Section 332.31 to 332.45, or other legal obligations arising out of its conduct as a collection agency,

---

[5] Id. at 346.

[6] See Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

[7] The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer. See 15 U.S.C. 1692e(8) ("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 346–47 (7th Cir. 2018).

[8] The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

[9] The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

[10] The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

the Commissioner of Commerce, as well as **any person damaged as a result of such violation shall have, in addition to all other legal remedies, a right of action on this bond in the name of the injured party for loss sustained by the Injured party."**

26. Minn. Stat. Ann. § 332.37(12) reads:

> No collection agency or collector shall: violate any of the provisions of the Fair Debt Collection Practices Act of 1977, Public Law 95-109, while attempting to collect on any account, bill or other indebtedness.

27. Per the terms of the above noted complaint, the Plaintiff has a direct cause of action against the Defendant Travelers for the acts of Defendant CSI.

## TRIAL BY JURY

28. Plaintiff are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

## CAUSE(S) OF ACTION

### COUNT 1.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq. – Defendant CSI

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant CSI constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

31. As a result of Defendant CSI's violations of the FDCPA, Plaintiff are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant CSI herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that judgment be entered against Defendant CSI.

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq. – Defendant CSI

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant CSI and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant CSI and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant CSI and for Plaintiff;

Respectfully submitted,

**Lein Law Offices**

By: s/Matthew C. Lein
Matthew C. Lein
WI Bar No # 1084028
15692 Hwy 63 North
PO Box 761
Hayward, WI 54843
Telephone: (715) 634-4273
Facsimile: (715) 634-5051

MCL/sjr                                            **Attorney for Plaintiff**

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

| | |
|---|---|
| STATE OF WISCONSIN | ) |
| | ) ss |
| COUNTY OF SAWYER | ) |

Plaintiff, Thomas Wadding, having first been duly sworn and upon oath, verify, certify, and declare as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney, which have been attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

/s/
Thomas Wadding

DocuSigned by:
*Thomas Wadding*
129DFD8FF31C499...